MARY A. HUSE & another *vs.* AMESBURY BOARD OF
HEALTH.

Essex.    November 7, 1894. — March 2, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Private Drain in Private Way — Authority of Board of Health — Statute.*

Where a nuisance is artificially created by emptying the sewage of dwelling-houses through a private drain in a private way upon abutting private land, there is no right in the board of health of the town to extend the private drain through such private land to a brook thereon, and to clean out the brook that it may be used to carry off the sewage.

FIELD, C. J.    This is a petition, by Mary A. Huse and Sarah E. Ross, to the Superior Court, under St. 1887, c. 338, § 2, and is in the nature of an appeal from an order of the respondents, as the board of health of the town of Amesbury, that a certain nuisance be abated by extending a private sewer from its present terminus on Huntington Avenue through the land of the petitioners to a brook, and by entering upon said land for the purpose of cleaning out the brook.   It is agreed that " Huntington Avenue is a private way on which live some sixteen families ; that a private sewer runs through this way, which sewer was used and owned by said families only, and which on the day of the petition to [the] board of health discharged at the easterly end of said avenue, and the outflow spread out on the surface of the way and abutting private land, soaking into the ground and standing in a pool of considerable size and [of] offensive smell, constituting a nuisance," etc., and that " the entry upon lands of Mary A. Huse and Sarah E. Ross, which was ordered by the board of health, was for the purpose of cleaning the brook, which runs through their land a distance of some two hundred yards, in order that the sewage might flow into and along the brook.   The distance from the present terminus of the sewer to the brook upon [the] land of petitioners, to which brook it was ordered that the sewer be continued, is some thirty feet."   The original petition to the board of health, signed by the petitioners in this case and by five other persons, is as follows:

" To the Board of Health of Amesbury: Gentlemen, — The undersigned, injuriously affected thereby, complain that a nuisance exists at the easterly end of Huntington Avenue, so called, a private way in Amesbury leading easterly from Elm Street, arising from the outflow of sewage from a sewer laid in said private way, which sewer is not sufficiently and properly provided with means for the disposal of the sewage drained into and flowing through the same, whereby said sewer and the outflow thereof have become and are a public nuisance, dangerous to the public health. You are requested to cause a discontinuance of said sewer and the use thereof for purposes of drainage, and to abate said nuisance."

It appears that the board of health, in ordering this nuisance to be abated, acted under Pub. Sts. c. 80, § 28 *et seq.*

It is plain that the nuisance in this case was artificially created by emptying the sewage of dwelling-houses through a private drain upon the land of somebody. We know of no right in the board of health to extend this private drain through the land of the petitioners to a brook on their land, and to clean out the brook that it might be used to carry off the sewage. Such a nuisance may be dealt with by the board under Pub. Sts. c. 80, §§ 18–25 ; or the proper authorities may lay a public sewer with which the board may require the buildings on the private way to be connected. Sts. 1889, c. 108; 1890, c. 132; 1893, c. 460. The nuisance described, we think, was not, under the facts shown in the bill of exceptions, within Pub. Sts. c. 80, § 28. See *Grace* v. *Newton Board of Health,* 135 Mass. 490, 495.

*Exceptions sustained.*

*T. H. Hoyt,* for the petitioners.

*H. I. Bartlett,* (*J. T. Choate* with him,) for the respondents.